IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY S. HAMPTON,

      Petitioner,         OPINION AND ORDER

v.

                       10-cv-265-slc[1]

CAROL HOLINKA,

      Respondent.

---

  Petitioner Gregory S. Hampton, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a September 16, 2009 disciplinary hearing at which he lost 27 days of good-time credits. He has paid the $5 filing fee. While Hampton alleges exhaustion of his administrative remedies, he does not allege facts from which the Court can infer that the length of his custody had been increased unconstitutionally. Therefore, his petition for a writ of habeas corpus must be dismissed.

ALLEGATIONS OF FACT

  In his petition and attachments, Jackson alleges the following facts:

- Petitioner Gregory S. Hampton is currently incarcerated at the Federal Correction Institution in Oxford, Wisconsin.

- On September 2, 2009, Hampton was on home confinement, but reported to an after-care program in Janesville, Wisconsin. Before attending the program, Hampton

---

[1] For the purpose of issuing this order, Judge Conley is acting for the Court.

was told his vehicle would be searched.

- Hampton had earlier picked up the vehicle from his stepfather, who had been working on it.
- When the vehicle was searched at the center, two unopened bottles of beer were found in the trunk.
- Hampton's stepfather confirmed that he had left the beers in the vehicle. Hampton had no prior knowledge of the beers being in the trunk.
- If he had known about the beers, Hampton would not have showed up early for his meeting at the center. Hampton states that having the beer in the trunk of his vehicle is "not in my character."
- In a September 16, 2009 disciplinary proceeding, Hampton was found guilty of possession of intoxicants and lost 27 days of good-time credit.

OPINION

A prisoner may bring a petition under 28 U.S.C. § 2241 if he is in custody in violation of the Constitution or laws of the United States. Federal habeas corpus is reserved solely for those claims in which the prisoner's success would entitle him to release from custody or a shorter duration of confinement. *Hill v. McDonough,* 547 U.S. 573, 580 (2006). Hampton would be entitled to relief here if the length of his custody was increased in violation of the Constitution.

The Fifth Amendment prohibits the government from depriving "any person . . . of

life, liberty or property, without due process of law." U.S. Const. Amend. V. In order to receive protection under the Fifth Amendment, first a person must have a protected liberty or property interest. *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

In the context of incarceration, protected liberty interests are generally limited to disciplinary penalties that extend a prisoner's duration of confinement (such as the loss of "good-time credits") or to prison conditions that are "atypical and significant" deviations from those normally associated with prison life. *Id*.; *Lekas v. Briley*, 405 F.3d 602, 610 (7th Cir. 2005).

Hampton alleges that he lost 27 days of good-time credit as a result of his disciplinary violation. The Court of Appeals for the Seventh Circuit has held repeatedly that prisoners have a protected liberty interest in good-time credit earned. See, *e.g.*, *Thomas v. McCaughtry*, 201 F.3d 995, 999 n.4 (7th Cir. 2000); *Sweeney v. Parke*, 113 F.3d 716, 718 (7th Cir. 1997); *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996). Therefore, Hampton has shown that he was deprived of a liberty interest.

The Fifth Amendment's due process clause provides federal inmates with certain minimum procedural safeguards against the wrongful deprivation of a liberty interest, but does not create a right to procedural perfection. When the loss of good-time credit is a possible sanction, an inmate must receive the following procedural safeguards in connection with prison disciplinary proceedings in order to satisfy the requirements of due process: "'(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by

3

the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *McPherson v. McBride*, 188 F. 3d 784, 785-86 (7th Cir. 1999) (quoting *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985)).

In addition, a finding of guilt cannot be arbitrary. In this regard, the United States Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455. In reviewing a prison disciplinary board's decision, the court does not need to examine the entire record, conduct an independent assessment of the credibility of witnesses or weigh the evidence. *Id*. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. ("Requiring a modicum of evidence to support a decision to revoke good time credits will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.") The "some evidence" standard, therefore, requires nothing more than a decision that is not arbitrary or lacking support in the record. *McPherson*, 188 F.3d at 786.

In this case, Hampton does not allege that he was denied the basic due process contemplated by *McPherson* or that there was no evidence in the record supporting the disciplinary decision. Rather, he argues that he should not have been found guilty of the offense because he had no knowledge of the beers in the vehicle's trunk and that it was not in his character to have committed the offense. Unfortunately for Hampton, a petition for a writ of habeas corpus does not provide a vehicle to re-litigate the question of his guilt or

4

innocence. Hampton can only pursue claims that the disciplinary hearing denied him due process protections or ruled without any evidentiary support. Without an alleged violation of his due process rights or an allegation that the decision was arbitrary, Hampton cannot pursue a claim that his time in custody was lengthened in violation of the constitution. Therefore, his petition for a writ of habeas corpus under 28 U.S.C. §2241 will be dismissed.

ORDER

IT IS ORDERED that:

1. Gregory Hampton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED due to his failure to show that the length of his custody has been increased in violation of the Constitution or the laws of the United States.

2. The clerk of court is directed to entered judgment for respondent Carol Holinka and close this case.

Entered this 10th day of August, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge